UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SHAWN HUTCHINGS,

                        Plaintiff,

-v-

NANCY A. BERRYHILL,
Commissioner of Social Security,

                        Defendant.

------------------------------------------------------------X

18 Civ. 1921 (PAE) (KHP)

OPINION AND ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Shawn Hutchings brings this action under the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") that he was not disabled under Sections 216(i) and 223(d) of the Act from February 24, 2015, the date Plaintiff applied for disability insurance benefits ("DIB"), through the date of the Commissioner's decision. Before the Court is the June 28, 2019 Report and Recommendation of the Hon. Katherine H. Parker, United States Magistrate Judge, recommending that the Court deny plaintiff's motion and grant the Commissioner's motion. Dkt. 25 (the "Report"). For the following reasons, the Court adopts the Report in full.

## DISCUSSION

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation omitted); *see also* 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (citation omitted).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Because neither Hutchings nor the Commissioner has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Parker's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. The Report explicitly states that failure to object within fourteen days will result in a waiver of objections and will preclude appellate review. Report at 37. Accordingly, the failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the reasons articulated in the Report, the Court denies plaintiff's motion and grants the Commissioner's cross-motion. The Clerk of Court is directed to terminate the motion pending at docket entry 24, and to close this case.

2

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 16, 2019
New York, New York